# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

VERRAGIO, LTD.,

        Plaintiff,

vs.

SKATELL'S MANUFACTURING JEWELERS,

        Defendant.

Case No.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**AND TRADEMARK INFRINGEMENT**

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, files its complaint against Defendant Skatell's Manufacturing Jewelers ("SMJ") for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1. This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, et seq., and 17 U.S.C. §§ 101, *et seq*, respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trademark infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). SMJ resides in the Southern District of New York and the claims alleged in this action arose in the Southern District of New York.

**Parties and Personal Jurisdiction**

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4. Verragio is informed and believes, and on that basis alleges, that SMJ has its principal place of business at 9433B Pineville Matthews Rd., Pineville, NC 28134.

5. This Court has personal jurisdiction over SMJ because SMJ transacts business and has other related activities within the Southern District of New York.  SMJ regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.  For example, Verragio is informed and believes, and on that basis alleges, that SMJ purchases jewelry from the following designers based in New York:  Artcarved, Classique, Cordova, Diana, Goldman, Triton, Thistel and Bee, Tara Pearls, Frederick Sage and Lorenzo.  Furthermore, Verragio is informed and believes, and on that basis alleges, that SMJ has entered into contracts with several New York companies in which SMJ has agreed to be bound by New York law.  Further, SMJ has undertaken acts of copyright and trademark infringement that were purposefully directed at New York with knowledge that the brunt of the injury would be felt by Verragio in this Judicial District.

**The Business of Verragio**

6. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7. For over 20 years, Nisguretsky has been an innovator in the design, creation, and marketing of fine jewelry.  Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8. Among Nisguretsky's jewelry designs is DL106P, which is an original design comprising copyrightable subject matter under the laws of the United States.

9. DL106P is part of Verragio's Parisian Collection.

10. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and secured the exclusive rights and privileges in and to the copyrights in DL106P. A picture of DL106P is attached to this Complaint as Exhibit 1.

11. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for DL106P (Certificate No. VA 1-898-731), a copy of which is attached to this Complaint as Exhibit 2.

12. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including DL106P.

13. Since its creation, DL106P has been manufactured by Verragio, or under its authority.

14. Each engagement ring in Verragio's Parisian Collection, as well as in most of the other Verragio collections, contains the Verragio Crest. The Verragio Crest, as it applies to jewelry, "consists of the configuration of a crest in the shape of a crown with three points featured as a part of a ring design." Verragio owns a United States trademark registration for the Verragio Crest, Registration No. 4,336,434. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit 3.

15. Verragio has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing and marketing of its jewelry featuring the Verragio Crest.

16. Verragio advertises its products, including jewelry that contains the Verragio Crest, in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

17. Verragio jewelry bearing the Verragio Crest has been sold to retail stores throughout the United States. These retail stores display and offer for sale to the general public jewelry that contains the Verragio Crest.

18. Verragio jewelry bearing the Verragio Crest has had outstanding commercial success. As a result, jewelers and the public recognize the Verragio Crest as designating an exclusive source, thereby creating a goodwill which inures to Verragio's benefit.

### The Business of SMJ

19. Verragio is informed and believes, and on that basis alleges, that SMJ is a designer, manufacturer, retailer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

20. Verragio is informed and believes, and on that basis alleges, that SMJ operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

21. Verragio is informed and believes, and on that basis alleges, that SMJ sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

22. Verragio has not authorized SMJ to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry design of DL106P or any other copyrighted ring design licensed to Verragio.

23. Verragio has not authorized SMJ to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Verragio Crest trademark.

24. Verragio is informed and believes, and on that basis alleges, that SMJ has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with

designs that are substantially similar to the copyrighted jewelry design of DL106P, and other copyrighted ring designs licensed to Verragio.

25. Verragio is informed and believes, and on that basis alleges, that SMJ has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Verragio Crest trademark.

26. Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit 4.

27. For example, SMJ sold a ring which infringes Verragio's copyright in DL106P and which improperly uses the Verragio Crest. A comparison of DL106P to the SMJ Accused Ring follows:




Verragio Style No. DL106P                SMJ Accused Ring

**First Cause of Action**
(Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

28. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 27 of this Complaint as though fully set forth.

29. SMJ's acts constitute infringement of Verragio's licensed copyright in DL 106P in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

30.     Verragio is informed and believes, and on that basis alleges, that SMJ's manufacture, distribution, duplication and/or sale of infringing copies of DL106P was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

31.     SMJ's copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to DL106P and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined.  In addition, Verragio is entitled to receive the profits made by SMJ from its wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

32.     SMJ's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for SMJ's acts and continuing acts.  Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by SMJ.  Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of DL106P, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

33.     Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Second Cause of Action
(Trademark Infringement Under 15 U.S.C. § 1114(1))

34.     Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 33 of this Complaint as though fully set forth here.

35. SMJ's use in commerce of Verragio's federally registered trademark in the Verragio Crest is likely to cause confusion, mistake, or to deceive.

36. The above-described acts of SMJ constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Verragio to relief.

37. SMJ has unfairly profited from the trademark infringement alleged.

38. By reason of SMJ's acts of trademark infringement, Verragio has suffered damage to the goodwill associated with the Verragio Crest.

39. SMJ's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and its federally registered trademark.

40. SMJ's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

41. By reason of SMJ's acts of trademark infringement, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted by SMJ.  Accordingly, Verragio is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

42. By reason of SMJ's willful acts of trademark infringement, Verragio is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

43. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action
(Trademark Infringement and False Designation of Origin
Under 15 U.S.C. § 1125(a))

44. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 43 of this Complaint as though fully set forth.

45. Verragio's jewelry incorporating the Verragio Crest has a unique and distinctive design which designates a single source of origin.

46. SMJ's use in commerce of the Verragio Crest is likely to cause confusion, or to cause mistake, or to deceive the relevant public that SMJ's goods or service are authorized, sponsored or approved by or are affiliated with Verragio.

47. The above-described acts of SMJ constitute trademark infringement of the Verragio Crest and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Verragio to relief.

48. Verragio is being damaged and is likely to be damaged in the future by SMJ's infringement by reason of the likelihood that purchasers of SMJ's goods will be confused or mistaken as to source, sponsorship or affiliation of SMJ's jewelry.

49. SMJ has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

50. By reason of the above-described acts of SMJ, Verragio has suffered and will continue to suffer damage to the goodwill associated with the Verragio Crest.

51. The above-described acts of SMJ have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and the Verragio Crest.

52. The above-described acts of SMJ have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

53. By reason of the above-described acts of SMJ, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Verragio is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

54. Because the above-described acts of SMJ were willful, Verragio is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

55. This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Prayer for Relief**

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against SMJ that SMJ has:

   a. infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501;

   b. infringed the rights of Verragio in its federally registered trademark in its Verragio Crest in violation of 15 U.S.C. § 1114; and

   c. infringed the rights of Verragio in the Verragio Crest in violation of 15 U.S.C. § 1125.

2. That each of the above acts by SMJ were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining SMJ and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with SMJ, from:

   (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of SMJ that is confusingly similar to the Verragio Crest, or that is substantially similar to DL106P or any other copyrighted design licensed to Verragio;

  (b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

  (c) engaging in any other activity constituting an infringement of Verragio's trademark rights in the Verragio Crest and/or Verragio's licensed copyrighted jewelry designs; and

  (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

 4. That Verragio be awarded damages for SMJ's trademark infringement, and unfair competition.

 5. That Verragio be awarded SMJ's profits resulting from its infringement of Verragio's trademark.

 6. That SMJ be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

 7. That damages resulting from SMJ's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

 8. That Verragio be awarded damages for SMJ's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with SMJ's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at

Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9. That the Court issue a Permanent Injunction enjoining and restraining SMJ and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with SMJ, from:

> (a) copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the Verragio Crest or infringing copies of Verragio's licensed copyrighted jewelry designs;
>
> (b) engaging in any other activity constituting an infringement of any of Verragio's trademarks or licensed copyrighted jewelry designs; and
>
> (c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 9(a) through 9(b) above.

10. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

11. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

12. That the Court award Verragio its costs of suit incurred herein.

13. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

Dated: New York, New York
December 5, 2016.

Respectfully submitted,

SPEKTOR & TSIRKIN, PC

By: __s/Vladimir Tsirkin_____
Vladimir Tsirkin
Gregory Spektor
40 Rector St. 1502
New York, New York 10006
(212) 461-1355

*Attorneys for the Plaintiff Verragio, Ltd.*

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

Dated: New York, New York
December 5, 2016.

Respectfully submitted,

SPEKTOR & TSIRKIN, PC

By: __s/Vladimir Tsirkin_____
Vladimir Tsirkin
Gregory Spektor
40 Rector St. 1502
New York, New York 10006
(212) 461-1355

*Attorneys for the Plaintiff Verragio, Ltd.*